# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| POLARIS INDUSTRIES INC., | ) | Court File No. _____ |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **COMPLAINT** |
|  | ) |  |
| WHOIS PRIVACY PROTECTION | ) | (Jury Trial Demanded) |
| SERVICE, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

Plaintiff Polaris Industries Inc. ("Polaris") for its Complaint against Defendant Whois Privacy Protection Service, Inc. ("Defendant") alleges as follows:

## PRELIMINARY STATEMENT

1.      In May of 1985, Polaris introduced to the public POLARIS brand all-terrain motor vehicles ("ATV"), which Polaris markets to consumers via numerous trade channels, including dealers and the Internet.  Polaris' POLARIS brand ATVs have been immensely successful and have received an enormous amount of publicity and media attention throughout the United States and the World.

2.      Defendant, with constructive and actual knowledge of Polaris' POLARIS brand, registered the domain name polarisatv.com and began advertising, promoting, and offering links from a website located at http://www.polarisatv.com.  The links and products offered through Defendant's links are identical to Polaris' goods sold under its POLARIS mark.

3.      Polaris and Defendant both use the Internet as a distribution channel and as a way to access customers—the same customers that try to reach Polaris are likely to be tricked by Defendant and its use of the website located at http://www.polarisatv.com.

Dockets.Justia.com

4.     Polaris seeks injunctive and monetary relief with respect to Defendant's activities that are likely to mislead and confuse consumers about the source, sponsorship, and affiliation of POLARIS products and services, and that trade upon the goodwill of Polaris' POLARIS mark.

## THE PARTIES

5.     Polaris is a corporation in good standing organized under the laws of the State of Delaware, having its principal place of business at 2100 Highway 55, Medina, Minnesota 55340.

6.     Upon information and belief, defendant Whois Privacy Protection Services, Inc is a U.S. corporation with a principal place of business at PMB 368, 14150 NE 20th St. – F1, Bellevue, Washington 98007.

## JURISDICTION AND VENUE

7.     This is an action for trademark infringement, unfair competition, dilution and cyber-squatting under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, deceptive trade practices arising under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43 *et seq.*, unlawful trade practices under the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq.*, and common law trademark infringement and unfair competition. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332 and 1338, as well as 15 U.S.C. § 1121, as well as supplemental jurisdiction under 28 U.S.C. § 1367. The amount in controversy, exclusive of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000.00).

8.     Venue is proper in this district under 28 U.S.C. § 1391. A substantial part of the events giving rise to the claim occurred in this district and a substantial part of property that is the subject of the action is situated in this jurisdiction.

## THE BUSINESS OF PLAINTIFF

9.     Polaris is a well-known manufacturer of recreational sport vehicles, including snowmobiles, ATVs, and motorcycles. Its products are distributed through more than 400

independent dealers throughout the United States, and are also distributed internationally through more than 750 dealers around the world.

10.     Polaris began manufacturing and selling ATVs in 1985 under the brand POLARIS, and has continuously sold POLARIS brand ATVs, ATV accessories, and a wide variety of other goods under the POLARIS mark since that time.

11.     Consumers are invited to visit Polaris' online website located at polarisindustries.com and view features, consider specifications, and see photos of the POLARIS ATVs. The website also provides links to online brochures and on online catalogs for purchasing POLARIS ATV accessories.

12.     Polaris has invested a significant amount of money to promote its ATVs under its POLARIS mark. Polaris has also sold millions of dollars worth of POLARIS brand ATVs over the past twenty-two years. As a result of these extensive uses and promotion, ATV consumers across the United States are aware of the POLARIS mark.

13.     Polaris' POLARIS mark is distinctive for Polaris' ATVs and ATV accessories, and was distinctive prior to the time Defendant began using the mark POLARIS in connection with the domain name polarisatv.com and the links associated with the website located at http://www.polarisatv.com.

14.     Polaris' POLARIS mark is recognized and relied upon as identifying Polaris as the sole source of ATVs and ATV accessories, and as distinguishing Polaris' ATVs and accessories from the products of others. As a result, Polaris' POLARIS mark has acquired substantial goodwill and is an extremely valuable commercial asset. In addition, Polaris' POLARIS mark is a famous mark and became famous prior to Defendant's adoption or use of the polarisatv.com mark and domain name.

15. On December 23, 1985, Polaris applied for registration of the mark POLARIS, Application Ser. No. 73-574,748, in International Class 12 with the United States Patent and Trademark Office ("USPTO"). Polaris' application covered "motor vehicles, namely all-terrain motor vehicles, and structural parts therefor." The USPTO granted Polaris a registration for its POLARIS mark on July 29, 1986, issuing Reg. No. 1,403,054. Registration No. 1,403,054 is valid, subsisting, and enforceable. Moreover, Registration No. 1,403,054 is incontestable and is therefore conclusive evidence of the validity of the registered mark, of the registration of the mark, of Polaris' ownership of the mark and of Polaris' exclusive right to use the mark in commerce pursuant to Section 15 and 33(b) of the Lanham Act, 15 U.S.C.§§ 1065 and 1115(b).

16. Polaris also owns many other trademark registrations for the mark POLARIS for ATVs, ATV accessories, motorcycles, snowmobiles, and other closely-related products and services. A list of some of Polaris' registrations is attached hereto as **Exhibit 1**.

## UNLAWFUL CONDUCT BY DEFENDANT

17. Defendant had constructive notice of Polaris' trademark rights in its POLARIS trademark as of December 23, 1985, based on Polaris' application to register POLARIS as a federally registered trademark.

18. Defendant had no use of the POLARIS mark at the time Polaris applied to register its POLARIS mark with the USPTO.

19. Upon information and belief, on October 4, 1999, Defendant registered the domain name polarisatv.com. At the time Defendant applied for that domain name, Polaris had already registered the mark POLARIS with the USPTO. Defendant was on notice that Polaris had rights in the POLARIS mark, yet went ahead with the registration anyway.

20. Upon information and belief, Defendant did not begin using the polarisatv.com domain name to promote any goods or services for several years after initially registereing the

4

domain name. Subsequently, Defendant began using the domain name to promote ATV products and accessories in direct competition to Polaris.

21.     Defendant's website located at http://www.polarisatv.com is targeted to consumers of Polaris' POLARIS brand ATVs.

22.     Upon learning of Defendant and their use of the POLARIS trademark as a trade name and trademark, Polaris sent actual notice to Defendant at least as early as August 20, 2007, stating that Polaris had superior rights in the POLARIS mark and that Defendant's use of the POLARIS mark was likely to cause confusion.

23.     In response to Polaris' communication with Defendant, on August 22, 2007, Defendant offered to sell the domain name to Polaris for $2,461.00. A copy of the email is attached hereto as **Exhibit 2**.

24.     Despite its knowledge regarding Polaris' prior and superior rights in the POLARIS mark and without the authorization of Polaris, Defendant continues to promote ATVs on the website located at http://www.polarisatv.com.

25.     Defendant is aware of the vast and valuable goodwill and reputation represented and symbolized by Polaris' POLARIS mark. Defendant is also aware that Polaris' consumers and potential consumers rely upon Polaris' POLARIS mark to distinguish Polaris' products from the products of others.

26.     Defendant's continued use of POLARIS mark as part of their website is likely to diminish the goodwill associated with Polaris' POLARIS mark.

27.     Defendant's use of the domain name polarisatv.com on the Internet corresponds with one of Polaris' channels of trade in selling and promoting its ATVs. Defendant and Polaris offer their products and services to consumers across the United States through the Internet.

28.     Upon information and belief, Defendant derives and will continue to derive substantial revenue from the use of the domain name polarisatv.com and the website located at http://www.polarisatv.com based on the use of the POLARIS mark.

29.     Defendant's activities are likely to cause confusion or mistake or to deceive consumers into believing that its unauthorized use of the POLARIS mark in connection with ATVs is sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Polaris.

30.     Defendant's continued use of the POLARIS mark is with full knowledge of the prior ownership by Polaris of its POLARIS mark and Polaris' rights to use and control the use of such mark.

31.     Defendant has acted and continues to act without regard to Polaris' property rights and goodwill.

32.     Defendant's unauthorized use of the POLARIS mark in association with ATVs has significantly injured Polaris' interests and will continue to do so unless immediately enjoined. Specifically, Defendant (a) has traded upon and threatens to further trade upon the significant and valuable goodwill in Polaris' POLARIS mark; (b) is likely to cause public confusion as to the source, sponsorship or affiliation of Defendant's products; (c) has damaged and threatens to further damage Polaris' significant and valuable goodwill in its POLARIS mark; (d) has injured and threatens to further injure Polaris' right to use its POLARIS mark as the exclusive indicia of origin of Polaris' ATVs in Minnesota and throughout the United States; and (e) has lessened the capacity of Polaris' POLARIS mark to indicate that its products are sponsored by Polaris.

33.     Upon information and belief, Defendant will continue unlawfully to use POLARIS mark to promote and provide their services, unless enjoined by the Court.

34.     Polaris has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF REGISTERED TRADEMARK AND SERVICE MARK UNDER
## THE LANHAM ACT – 15 U.S.C. § 1114(1)

35.     Polaris repeats the allegations of paragraphs 1-34 of this Complaint.

36.     Defendant's use of the POLARIS mark is likely to cause confusion, mistake, or deception as to the source of origin of the products and services listed on the website http://www.polarisatv.com in that customers and potential customers are likely to believe that the products and services are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Polaris or its POLARIS brand ATVs.

37.     As a direct and proximate result of the likely confusion, mistake, or deception, Polaris has suffered and will continue to suffer irreparable harm if the conduct of Defendant's is not enjoined.

38.     The likely confusion, mistake, or deception caused by Defendant is in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39.     Pursuant to 15 U.S.C. § 1117, Polaris is entitled to recover all of Defendant's profits, Polaris' damages, as well as the costs of this action.  The intentional nature of Defendant's unlawful acts renders this an "exceptional case," entitling Polaris to enhanced damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION – 15 U.S.C. § 1125(a)

40.     Paragraphs 1 through 39 are incorporated and made a part of this Claim.

41.     Polaris' POLARIS mark is distinctive.

42.     Defendant offers, promotes, and advertises services and links to products under the POLARIS mark in interstate commerce.

43.     Defendant's use of the POLARIS mark is likely to cause confusion, mistake, or deception as to the source of origin of the products and services listed on the website http://www.polarisatv.com in that customers and potential customers are likely to believe that the products provided under POLARIS designation are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Polaris.

44.     As a direct and proximate result of the likely confusion, mistake, or deception, Polaris has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

45.     The likely confusion, mistake, or deception caused by Defendant is in violation of 15 U.S.C. § 1125(a).

46.     Pursuant to 15 U.S.C. § 1117, Polaris is entitled to recover all of Defendant's profits, Polaris' damages, as well as the costs of this action. The intentional nature of Defendant's unlawful acts renders this an "exceptional case," entitling Polaris to enhanced damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT - 15 U.S.C. § 1125(d)

47.     Paragraphs 1 through 46 are incorporated and made a part of this Claim.

48.     Defendant, in bad faith, registered, trafficked, used and continues to traffic and use the domain name polarisatv.com, which is confusingly similar to Polaris' POLARIS mark.

49.     Defendant's registration, trafficking, and use of the domain name as described above constitutes cyberpiracy and trademark infringement of Polaris' distinctive POLARIS trademark in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

50.     As a result of Defendant's above-described conduct, Polaris has suffered and continues to suffer damages including, without limitation, the loss of revenue Polaris would have made but for Defendant's acts, in an amount to be proven at trial.

51.     Defendant's acts of cyberpiracy have also caused and are causing irreparable injury to Polaris and to the business reputation and goodwill represented by Polaris and its POLARIS mark.

52.     Unless enjoined by this court, Defendant's above-described conduct will cause further irreparable injury, for which Polaris has no adequate remedy at law for the reasons: (1) that Defendant's use and control of the domain name polarisatv.com prevents Polaris from possessing the domain name that is rightfully Polaris'; (2) current prospective customers who type the domain name when seeking to find Polaris are directed elsewhere which will cause such prospective customers to become frustrated and discontinue seeking Polaris; (3) customers attempting to reach Polaris who are directed to the website now located at polarisatv.com may believe that Polaris has changed locations, designs of its website or broken away from Polaris' main company.

53.     Pursuant to 15 U.S.C. § 1117, Polaris is entitled to recover the costs of this action and statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name or all of Defendant's profits and all damages sustained by Polaris. The intentional nature of Defendant's unlawful acts renders this an "exceptional case," entitling Polaris enhanced damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF
## DILUTION UNDER THE LANHAM ACT – 15 U.S.C. § 1125(c)

54.     Paragraphs 1 through 52 are incorporated and made a part of this Claim.

55.     Polaris' POLARIS trademark is a famous and distinctive mark.

56.     Defendant's use in commerce of the brand names POLARIS and POLARIS ATV and the domain name polarisatv.com is without permission, consent, or authorization of Polaris and lessens or is likely to lessen the capacity of Polaris' unique, distinctive, and famous POLARIS trademark to identify POLARIS brand ATVs and other products.

57.     Upon information and belief, Defendant's adoption and use of the brand names POLARIS and POLARIS ATV and the domain name polarisatv.com was undertaken in bad faith and in disregard of the resultant damage and injury to Polaris and its trademark.

58.     Defendant's actions constitute dilution of the distinctive quality of the famous POLARIS trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

59.     Defendant's actions have been intentional, willful and committed in bad faith.

60.     Defendant's actions have caused and are likely to cause great and irreparable harm and damage to Polaris and, unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

61.     Based on Defendant's willful violation and pursuant to 15 U.S.C. § 1117, Polaris is entitled to recover all of Defendant's profits, Polaris' damages, as well as the costs of this action.  The intentional nature of Defendant's unlawful acts renders this an "exceptional case," entitling Polaris to enhanced damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

### FIFTH CLAIM FOR RELIEF
### DECEPTIVE TRADE PRACTICES – MINN. STAT. 325D.44

62.     Paragraphs 1 through 61 are incorporated and made a part of this Claim.

63.     Defendant has engaged in deceptive trade practices in violation of Minn. Stat. § 325D.44, including Minn. Stat. § 325D.44, subdivisions (1) through (5), because their use of the POLARIS designation is likely to cause confusion, mistake, or deception as to the source of origin of the products and services listed on the website http://www.polarisatv.com in that

customers and potential customers are likely to believe that the ATVs provided under the

POLARIS designations are provided by, sponsored by, approved by, licensed by, affiliated or

associated with, or in some other way legitimately connected to Polaris or its products under its

POLARIS mark.

64.     As a direct and proximate result of the likely confusion, mistake, or deception,

Polaris has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not

enjoined.

65.     Pursuant to Minn. Stat. § 325D.45, Polaris is entitled to recover its costs and

attorneys' fees.

## SIXTH CLAIM FOR RELIEF
## UNLAWFUL TRADE PRACTICES ACT – MINN. STAT. § 325D.15

66.     Paragraphs 1 through 65 are incorporated and made a part of this Claim.

67.     Defendant has engaged in unlawful trade practices in violation of Minn. Stat.

§ 325D.09 *et seq.* because their use of POLARIS designation is likely to cause confusion,

mistake, or deception as to the source of origin of the products and services listed on the website

http://www.polarisatv.com in that customers and potential customers are likely to believe that the

ATVs listed under the POLARIS designations are provided by, sponsored by, approved by,

licensed by, affiliated or associated with, or in some other way legitimately connected to Polaris

or its products under its POLARIS mark.

68.     As a direct and proximate result of the likely confusion, mistake, or deception,

Polaris has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not

enjoined.

69.     Pursuant to Minn. Stat. § 325D.15 and § 8.31, subd. 3a, Polaris is entitled to

recover its costs, disbursements, and reasonable attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
### COMMON LAW TRADEMARK INFRINGEMENT

70.     Paragraphs 1 through 69 are incorporated and made a part of this Claim.

71.     Polaris' POLARIS mark is distinctive.

72.     Defendant's use of POLARIS designation is likely to cause confusion, mistake, or deception as to the source of origin of the products and services listed on the website http://www.polarisatv.com in that customers and potential customers are likely to believe that the ATV parts and accessories provided under the POLARIS designations are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Polaris or its products under its POLARIS mark..

73.     Defendant's acts constitute trademark infringement under the common law.

74.     Defendant's acts were taken in willful, deliberate, and/or intentional disregard of Polaris' rights.

75.     Polaris has suffered irreparable harm, for which it has no adequate remedy at law, and will continue to suffer irreparable injury unless and until Defendant's infringing acts are enjoined by this Court.

### EIGHTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

76.     Paragraphs 1 through 75 are incorporated and made a part of this Claim.

77.     Defendant's conduct constitutes unfair competition in violation of the rights of Polaris.

78.     As a direct and proximate result of the unfair competition of Defendant, Polaris has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

12

79.     Defendant's acts were taken in willful, deliberate and/or intentional disregard of Polaris' rights.

80.     Polaris respectfully requests a jury trial for this matter.

## PRAYER FOR RELIEF

WHEREFORE, Polaris respectfully requests judgment against Defendant as follows:

A.     Permanently enjoining and restraining Defendant and its respective partners, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant from:

1.     Using on or in connection with the production, manufacture, advertisement, promotion, display (including on the Internet) or otherwise, displaying for sale, offering for sale, sale, or distribution of any product or service or for any purposes whatsoever, the POLARIS mark.

2.     Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive purchasers into believing that the products and services listed on the website http://www.polarisatv.com originate with or are the products of Polaris or that there is any affiliation or connection between Polaris and its products and Defendant and the products and services listed on the website http://www.polarisatv.com, and from otherwise competing unfairly with Polaris;

B.     Directing that Defendant, at its own expense, recall all the marketing, promotional and advertising materials and edit any websites that bear or incorporate any mark or design with POLARIS not in conformance with Section A(1) of Polaris' Prayer For Relief, or any mark confusingly similar to Polaris' POLARIS mark, which has distributed, sold or shipped by it;

C.     For an Order requiring Defendant to transfer ownership of the domain name polarisatv.com to Polaris;

D.     Directing that Defendant deliver to Polaris' attorneys or representatives for destruction all labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements in its possession or under its control, bearing the non-conforming POLARIS mark or any simulation, reproduction, copy or colorable imitation of Polaris' POLARIS mark, and all films, discs, plates, molds, matrices, and any other means of making the same.

E.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from forming any erroneous impression that any product promoted or provided by Defendant is authorized by Polaris or related in any way to Polaris' products.

F.     Directing Defendant to file with this Court and to serve upon Polaris within thirty (30) days after service upon Defendant of an injunction in this action, a written report by Defendant, under oath, setting forth in detail the manner in which Defendant has complied with the injunction.

G.     Awarding Polaris as damages Defendant's profits from proceeds from the website http://www.polarisatv.com and from any other good or service sold in connection with the POLARIS designation.

H.     For all damages available under federal or state common law or statute, including but not limited to actual, exemplary and statutory damages.  Plaintiff specifically reserves its right to seek statutory damages under 15 U.S.C. § 1117(d).

I.     Awarding Polaris its damages by reason of Defendant's actions of common law trademark infringement in an amount to be established at trial.

J.    Awarding Polaris reasonable attorneys' fees and the costs of this action.

K.    Awarding Polaris such further relief as this Court deems just and proper.

**MERCHANT & GOULD**

By:  _____

Dated:  September 18, 2007

Scott W. Johnston #0247558
William D. Schultz, MN # 0323482
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Attorneys for Plaintiff*
*Polaris Industries, Inc.*